IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                                                                                             OPINION AND ORDER

                Plaintiff,

                                                                                            20-cv-927-bbc

     v.

MMHI MEDICAL DIRECTOR, MMHI
MEDICAL CLINIC DOCTOR, MMHI DENTIST,
MMHI FORENSIC DIRECTOR, KELLY RAGEAN
AND JAMES STRAND,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Upthegrove, who is civilly committed at the Mendota Mental Health Institute (MMHI), is proceeding on a Fourteenth Amendment claim that defendants denied his requests for orthodontic care and will not provide him access to orthodontic care until he is released into the community. Plaintiff has now filed motion to amend his complaint, which he refers to as an "addendum," to add a claim that defendants also have denied him dental care with respect to a crown that he needs. Because plaintiff has not filed a proposed amended complaint in which he repeats the allegations in his original complaint, I will consider his document a supplement. I must screen plaintiff's proposed supplement under 28 U.S.C. §§ 1915(e), just as I screened his original complaint.

      For the reasons below, I will grant plaintiff's motion to supplement his complaint. Plaintiff's original complaint, along with the supplement, will be the operative pleading in this case.

1

OPINION

Plaintiff alleges in his proposed supplement that he had a root canal procedure done on his lower left molar in January 2020, one month before being taken into custody. Part of the treatment plan ordered by his dentist was to have a crown placed on the molar about a month after undergoing the root canal. After entering MMHI, plaintiff notified defendant MMHI dentist that he needed the crown, but the dentist stated that he could not place the crown. As with plaintiff's required orthodontic treatment, plaintiff's treatment team—made up of the MMHI medical director, clinic doctor, dentist, forensic director, Kelly Ragean and James Strand—denied plaintiff's requests for an outside dentist to place the crown, even though plaintiff told them that it could mean he would lose his molar.

At this early stage, plaintiff's new allegations also are sufficient to suggest that defendants acted with objective unreasonableness under the Fourteenth Amendment. Miranda v. County of Lake, 900 F.3d 335, 352-53 (7th Cir. 2018) (explaining standard for medical care claims for civilly-detained individuals). They also involve similar conduct by the same set of defendants. Therefore, I will allow plaintiff to supplement his complaint to add the new allegations.

ORDER

IT IS ORDERED that plaintiff James Upthegrove's motion for leave to supplement his complaint, dkt. #20, is GRANTED. Plaintiff is GRANTED leave to proceed on a Fourteenth Amendment claim that defendants MMHI medical director, MMHI medical

clinic doctor, MMHI dentist, MMHI forensic director, Kelly Ragean and James Strand denied him medically necessary dental care with respect to his crown.  Plaintiff is DENIED leave to proceed on any other claim.

    Entered this 25th day of January, 2021.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  BARBARA B. CRABB
                                  District Judge