IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                                                          OPINION AND ORDER

                    Plaintiff,

                                                              20-cv-927-bbc

            v.

KELLY RAGEAN, JAMES STRAND,
MOLLI ROLLI, JEAN HAUGHWOUT,
JAMES VAN GEMERT, MEL CHRISTENSEN,
EDWARD ANDRUCZYK, GREG VAN RYBROECK
AND PAUL LANE,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff James Upthegrove is proceeding on a Fourteenth Amendment claim

that administrators and staff at the Mendota Mental Health Institute (MMHI) denied his

requests for orthodontic care and would not provide him access to orthodontic care until he

was released into the community.  Plaintiff filed two motions that are now before the court:

(1) a motion to obtain discovery, dkt. #24; and (2) a motion to file a second supplement to

his complaint, dkt. ##26-27.  For the reasons below, I am denying the motion for discovery

but granting the motion to supplement.


                              OPINION

                    A.  Motion for Discovery

Plaintiff has filed a motion requesting that the court direct defendants to provide him

copies any emails sent by various MMHI employees that mention him.   Dkt. #24.

However, as plaintiff acknowledges, he requested these documents under the Freedom of

information Act and the Wisconsin Open records Law in February 2021, before the start of discovery in this case.  The motion will be denied as moot.  Discovery commenced following the preliminary pretrial conference held on March 5.  As the court explained during that hearing and the pretrial conference order entered on March 8, Rules 26 through 37 and Rule 45 of the Federal Rules of Civil Procedure describe how plaintiff may get information and documents from the defendants to use in this case.  Dkt. #25 at 8-10.  Plaintiff should review those rules and the court's pretrial conference order before requesting any information and documents from defendants.  If plaintiff has any problems related to discovery, he should first contact defense counsel to attempt to resolve the issue without the court's intervention.  If the parties are unable to resolve the issue on their own after making a good faith effort to do so, plaintiff may file a motion to compel with the court at that time.

### B.  Motion to Amend

Plaintiff has filed a second supplement to his complaint in which he asks to include further facts in support of his claims that defendants denied him outside dental care for his braces and a crown, as well as new allegations that the same defendants refused to allow him to see his outside orthodontist for a custom mouth splint.  Dkt. #27.  Plaintiff has not filed a proposed amended complaint in which he repeats the allegations in his original complaint, so I will screen his proposed supplement under 28 U.S.C. §§ 1915(e), just as I screened his original complaint and first supplement.

Plaintiff alleges that his outside orthodontist prescribed him a custom mouth splint

to wear, but he did not have it while he was civilly committed at MMHI.  After making

numerous requests over a period of several months that he be allowed to see his orthodontist

for the mouth guard, defendant James Van Gemert told him on December 28, 2020, that

he would be taken to his orthodontist to get the mouth guard.  (Although plaintiff refers to

the year as 2021, I presume that this is a typographical error.)  However, during his monthly

treatment meeting on December 29, defendant Edward Andruczyk told him that the MMHI

dentist had been wrong to order the appointment with the outside orthodontist for the

mouth guard.  Andruczyk and all of the other defendants (who are members of either his

treatment team or the MMHI administration) made a joint decision that plaintiff would not

receive the custom mouth guard after all.  As a result, plaintiff has suffered damage to his

teeth.

At this early stage, plaintiff's new allegations are sufficient to suggest that defendants

acted with objective unreasonableness under the Fourteenth Amendment.  Miranda v.

County of Lake, 900 F.3d 335, 352-53 (7th Cir. 2018) (explaining standard for medical care

claims for civilly-detained individuals).  The allegations involve similar conduct by the same

set of defendants.  Therefore, I will allow plaintiff to supplement his complaint to add the

new allegations.  Plaintiff's original complaint, along with his two supplements, will be the

operative pleading in this case.


ORDER

IT IS ORDERED that:

1.  Plaintiff James Upthegrove's motion to obtain discovery, dkt. #24, is DENIED.

2.  Plaintiff's motion for leave to supplement his complaint, dkt. ##26-27, is GRANTED.  Plaintiff is GRANTED leave to proceed on a Fourteenth Amendment claim that defendants Kelly Ragean, James Strand, Molli Rolli, Jean Haughwout, James Van Gemert, Mel Christensen, Edward Andruczyk, Greg Van Rybroeck and Paul Lane denied him medically necessary dental care with respect to his custom mouth guard.  Plaintiff is DENIED leave to proceed on any other claim.

Entered this 22d day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge